UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CEDRIC GREENE,<br><br>　　　　　　　　Plaintiff,<br>v.<br>SHAWN DANTZLER,<br>　　　　　　　　Defendant. | Case No. 2:15-cv-02096-GMN-PAL<br><br>**ORDER**<br>- AND -<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 1) |

　　　　This matter is before the court on Plaintiff Cedric Greene's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

**I.　　IN FORMA PAUPERIS APPLICATION**

　　　　Cedric Greene is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Here, Cedric Greene has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. His request to proceed IFP will be granted. Although Justin Greene's name is also listed on the application, it contains no financial information for Justin and he did not sign the document. Therefore, only Cedric Greene's claims will be addressed in the court's review of the complaint.

**II.　　SCREENING THE COMPLAINT**

　　　　After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis

complaints"). If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Greene's Factual Allegations and Claims for Relief

The Complaint (ECF No. 1-1) alleges that Justin Greene is the injured party and Cedric Greene is his brother. Justin signed a handwritten "legal authorization" purportedly giving his brother power of attorney to file and litigate this case. *Id*. at 6–7. Defendant Shawn Dantzler was appointed to provide legal counsel to Justin Greene in a criminal matter in the Metro Court of Los Angeles County in California. The complaint alleges that Mr. Dantzler's lies, ineffectiveness, and misconduct support claims for negligence and legal malpractice. The complaint seeks $20,000 in damages on behalf of Justin Green who is described as the injured party.

The complaint acknowledges that in "normal circumstances," this matter would go before the downtown Los Angeles court officials. *Id*. at 3. However, Cedric Greene is prohibited from submitting matters in California. *Id*. The complaint states that the California courts view Cedric Greene as "someone who abuses their time and resources," and he "does nothing but discover ways to file claims against anyone he comes in contact with." *Id*. As a result, Cedric Greene has decided to "avoid them completely" and asks Nevada officials to "accept this case because he has exhausted all remedies within the California judicial process." *Id*. at 3–4.

For the reasons discussed below, the court finds that the complaint fails to state a claim with a federal jurisdictional basis. The court will therefore recommend dismissal with prejudice.

### B. As a *Pro Se* Party, Greene Cannot Bring a Complaint on Behalf of His Brother

As a general rule, *pro se* parties may not pursue claims on behalf of others in a representative capacity. *See*, *e.g.*, *Simon v. Hartford Life*, *Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")— is duly authorized to represent a client in Nevada. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285); *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (Nev. 1986) (citing SCR 77; NRS 7.285); *see also* SCR 42–72. Although an individual is entitled to represent himself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in Nevada courts. *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994) (citing SCR 44). Therefore, an individual "has no right to be represented by an agent other than counsel in a court of law." *Martinez*, 729 P.2d at 488 (citing SCR 77; NRS 7.285). Additionally, a plaintiff can only sue defendants for events that happened to him; he may not sue defendants for events that happened to other people. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that *pro se* litigants have no authority to represent anyone other than themselves).

Here, the complaint alleges that Justin Greene is the injured party, not Cedric Greene. Although Justin signed a handwritten "legal authorization," that document does not give his brother—a non-attorney—authority to file and litigate this case. If this were the only deficiency in the complaint, the court would allow Justin to file an application to proceed in forma pauperis and amend the complaint to state his claims on his own behalf. However, because it is clear from the face of the complaint that there is no federal jurisdiction, and amendment will not cure this deficiency, the court will address the complaint's deficiencies and recommend dismissal.

/ / /

### C. Jurisdictional Defects

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. There are two kinds of subject matter jurisdiction: (a) federal question, giving the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (a) diversity of citizenship, giving the district court original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, 28 U.S.C. § 1332. Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Greene's complaint does not allege grounds for this court's jurisdiction. He does not allege claims arising under the Constitution or federal law. Rather he is attempting to sue Dantzler for legal malpractice and negligence which are state tort claims. Thus, his Complaint must meet the requirements for diversity jurisdiction. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010). Greene has not alleged that the amount in controversy exceeds $75,000 or that he and Mr. Dantzler have a complete diversity of citizenship. Instead, the complaint seeks $20,000 in damages. The face of the complaint alleges that both Greene and Dantzler live in California. Accordingly, Greene has not pled a basis for this court to exercise subject matter jurisdiction.

Furthermore, the Complaint fails to demonstrate that Mr. Dantzler is subject to personal jurisdiction in Nevada. Personal jurisdiction gives a court jurisdiction over the *person or entity* against whom the case is brought. Personal jurisdiction is based on principles of individual liberty and it represents a restriction on judicial power. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 838 (9th Cir. 1986). A defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In this case, the conduct about which Greene complains occurred in Los Angeles, California. The complaint alleges that Mr. Dantzler is licensed to practice law in California and represented Justin Greene in a criminal matter in the Metro Court of Los Angeles County. The Complaint alleges no facts to establish that Mr. Dantzler's conduct and connections with Nevada are such that he would anticipate being sued in Nevada. Greene has not established that this court has personal jurisdiction over Mr. Dantzler. Although Greene may be able to plead personal jurisdiction over Mr. Dantzler in Nevada leave to amend will not be granted because Greene cannot cure the other defects in his complaint noted in this order.

### D. Venue for Greene's Claims

In addition to a lack of subject matter or personal jurisdiction, the court finds that venue is not proper in the District of Nevada. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may

1  otherwise be brought.  28 U.S.C. § 1391(b).  Pursuant to 28 U.S.C. § 1406(a), the court may
2  dismiss an action laying venue in the wrong district.
3  　　　Here, Greene acknowledges that: (1) he is a resident of Los Angeles; (2) Dantzler
4  represents clients in Los Angeles, California; and (3) the events giving rise to his claim occurred
5  at a bus station in Los Angeles, California.  Nevada has no connection at all to the event causing
6  Greene to attempt to sue Dantzler.  As such, the District of Nevada is not a proper venue for this
7  case even if Greene could establish subject matter or personal jurisdiction, which he has not.

   **E. Green has Been Declared a "Vexatious Litigant" in the District of Nevada and the Central District of California**

10  　　　Greene was declared a vexatious litigant in the Central District of California as a result of
11  filing over 70 non-meritorious actions in that district.  *See Cedric Greene v. Men's Central Jail*,
12  Case No. 11-cv-02359 UA (SS) (C.D. Cal. May 10, 2011) (Order (ECF No. 15) adopting Report
13  and Recommendation ("R&R") and holding that Cedric Greene is deemed a vexatious litigant);
14  *see also id*. (May 3, 2011 R&R (ECF No. 13) outlining Greene's litigation history in that court).
15  Greene essentially admits that California courts have declared him a vexatious litigant.  *See*
16  Complaint (ECF No. 1) at 1 (stating that California courts view him as someone who abuses their
17  time and resources).  In an apparent attempt to circumvent that order, Greene seeks to file this case
18  here.  The complaint acknowledges that he has decided to avoid the California courts completely;
19  thus, he asks this court to accept this case.  *Id*. at 3–4.  Greene has initiated multiple cases in other
20  districts in an apparent effort to avoid filing cases in the Central District of California.  *See, e.g.*,
21  *Greene v. McDonalds Rest.*, 2011 U.S. Dist. Lexis 131228 (S.D. Cal. Nov. 14, 2011) (dismissing
22  complaint given proper venue in the Central District of California); *Greene v. Southland Transit,*
23  *Inc.*, 2011 U.S. Dist. Lexis 24761 (E.D. Cal. Mar. 10, 2011) (same), adopted, 2011 U.S. Dist. Lexis
24  35541 (E.D. Cal. Mar. 30, 2011).
25  　　　Greene cannot avoid the consequences of the vexatious litigant determination by the
26  California courts by simply filing in Nevada with the hope that this court will be more hospitable.[1]

---

[1] Mr. Greene filed at least 15 cases in this district between January 2015 and May 2016: *Greene v. Greyhound Lines, Inc.*, 2:15-cv-00115-GMN-PAL; *Greene v. Greyhound Lines, Inc.*, 2:15-cv-00174-RFB-

The Southern District of California specifically told Greene several years ago that this tactic was improper. *See, e.g.*, *Greene v. L.A. Cnty. Sheriff Dep't.*, 11-cv-2485-JAH-CAB (Nov. 7, 2011 Order (ECF No. 3) finding that Greene's request to proceed in the Southern District based on the vexatious litigant order in the Central District was "improper, in that plaintiff is simply seeking to sidestep the Central District's vexatious litigant order"). The undersigned has told Greene this tactic was improper in four previous cases. *See Greene v. Greyhound Lines, Inc.*, 2:15-cv-00115-GMN-PAL, Am. Order & R&R (ECF No. 6); *Greene v. People of State of California*, 2:15-cv-300-JAD-PAL, Order & R&R (ECF No. 4); *Greene v. People of State of California*, 2:15-cv-378-JAD-PAL, Order & R&R (ECF No. 4); *Greene v. L.A. Police Dep't*, 2:15-cv-00815-APG-PAL, Order & R&R (ECF No. 2).

Greene's improper filings prompted the Honorable Nancy J. Koppe, United States Magistrate Judge, to recommend that he also be declared a vexatious litigant in this district. *Greene v. Alhambra Hosp. Med. Center*, 2:15-cv-00451-JAD-NJK, May 17, 2016 R&R (ECF No. 23). Judge Koppe's R&R carefully details Mr. Greene's vexatious and abusive litigation practices. After affording Green the opportunity to respond, the recommendation was adopted. *Id.*, June 2, 2016 Order (ECF No. 26). The Clerk of the Court was "instructed not to accept for filing any complaint or application to proceed *in forma pauperis* from Cedric Greene unless he first obtains leave from a judge of this court." *Id.* at 3. Accordingly,

> Before Greene may file an action, he must first file a motion for leave to file a complaint and attach a copy of this order and a copy of the proposed complaint to that motion. If the court does not grant Greene written permission to file a complaint within 30 days of the date of his motion, permission will be deemed denied.

*Id.*

---

GWF; *Greene v. Sprint Nextel Corp.*, 2:15-cv-00238-RFB-NJK; *Greene v. People of State of California*, 2:15-cv-300-JAD-PAL; *Greene v. People of State of California*, 2:15-cv-378-JAD-PAL; *Greene v. Alhambra Hosp. Med. Center*, 2:15-cv-00451-JAD-NJK; *Greene v. Logisticare Solutions, LLC*, 2:15-cv-00523-RFB-NJK; *Greene v. Traylor*, 2:15-cv-00598-APG-CWH; *Greene v. L.A. Police Dep't*, 2:15-cv-00815-APG-PAL; *Greene v. Chapman*, 2:15-cv-00887-GMN-NJK; *Greene v. Dantzler*, 2:15-cv-02096-GMN-PAL; *Greene v. Gray*, 2:15-cv-02188-RFB-VCF; *Greene v. Housing Authority of L.A.*, 2:16-cv-00735-RFB-NJK; *Greene v. Direct TV, Inc.*, 2:16-cv-00735-RFB-NJK; and *Greene v. Inglewood Housing Authority*, 2:16-cv-00996-APG-GWF.

Mr. Greene initiated the current case several months prior to entry of the vexatious litigant order. However, the court finds that this case is no different from the others filed in this district. Because as it is clear from the face of the Complaint that Mr. Greene could not cure its deficiencies by amendment, the undersigned recommends that this case be dismissed with prejudice.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Cedric Greene's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.
2. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1) but ***SHALL NOT*** issue summons.
3. Greene is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.

**IT IS RECOMMENDED** that:

1. The Complaint be DISMISSED with prejudice.
2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 27th day of January, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of

those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.